IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | No. 2:01-559 |
| | ) | |
| v. | ) | |
| | ) | **AMENDED ORDER AND OPINION** |
| Mark Anthony Rivers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I. Background

This matter is before the court on defendant's motion for a reduction of his sentence. The court originally treated defendant's motion as one under 28 U.S.C. § 2255 but now amends that treatment and addresses defendant's motion as it was filed, though the court still finds that defendant is entitled to no relief. Defendant pled guilty to drug conspiracy charges and was consequently sentenced to a term of 72 months in federal prison. He now challenges his sentence under the Sixth Amendment and the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).[1]

In Booker, the Supreme Court reaffirmed its holding from Apprendi v. New Jersey, 530 U.S. 466 (2000), stating "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or

---

[1] Though defendant only cites Blakely, the Supreme Court's decision in Booker, which was issued in the interim between defendant's motion and this ruling, is more pertinent to federal sentences. As such, the court treats defendant's motion as relying on Booker as well.

proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. In so doing, the Court explicitly found the Federal Sentencing Guidelines subject to its holding and subsequently excised the provisions within the guidelines themselves that made their application mandatory. As a result, defendants whose cases were still on direct review became eligible for re-sentencing under the new regime.

Defendant's conviction became final on December 30, 2002,[2] before the Court's decision in Booker on January 12, 2005; therefore, in raising his challenge, defendant is necessarily asking this court to apply Booker's holding to his case retroactively. Existing law does not permit such an application.

## II. Analysis

The determination of whether to apply any particular rule of law retroactively involves multiple steps. First, the court must determine whether the rule of law is a substantive rule or a procedural rule because new substantive rules generally apply retroactively while new procedural rules generally do not apply retroactively. Schriro v. Summerlin, 124 S. Ct. 2519, 2522-2523 (2004). Second, if the rule is procedural, the court must then determine whether it is a "new" rule. See Beard v. Banks, 124 S. Ct. 2504, 2510 (2004). If it is a new procedural rule, then the court must further determine whether it is a "watershed" rule. See id. If the rule of law is either a substantive criminal law or a new watershed rule of criminal procedure, then it must be applied retroactively.

---

[2] September 30, 2002 is the date the Fourth Circuit affirmed the judgment against defendant; however, because defendant did not seek review by the Supreme Court, his conviction became final when his right to seek that review ended, which was ninety days after the Fourth Circuit's affirmation or December 30, 2002. See Clay v. United States, 537 U.S. 522, 532 (2003).

All others will not be applied retroactively.

### A. Substantive or procedural

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Schriro, 124 S. Ct. at 2523 (citing Bousley v. United States, 523 U.S. 614, 620-621 (1998) and Saffle v. Parks, 494 U.S. 484, 495 (1990)). By contrast, "rules that regulate only the manner of determining the defendant's culpability are procedural." Id.

The holdings of Apprendi and Booker do not address the scope of conduct prohibited by the criminal law, nor do they speak to the class of persons affected by that law. Instead, the high Court rulings realign the method of determining what conduct has occurred (and the threshold of proof applicable in that determination) with the mandates of the United States Constitution. As the Seventh Circuit put it, "No conduct that was forbidden before Booker is permitted today . . . ." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). The change effected is that judges are no longer bound by sentences prescribed by the Guidelines based on facts they have found by a preponderance of the evidence. In returning judicial discretion to a sentencing scheme based on statutory minimums and maximums, in re-allocating the duties of essential fact-finding to the juries, and in re-affirming the standard of proof attached to that fact-finding, the Supreme Court fine-tuned the machinery that carries out the interdiction of the criminal law, the process. Consequently, the rule announced in Booker is procedural.

### B. New or then-existing

Because Booker's edict is procedural, the court operates against the background

that it would not generally be applied retroactively, but in the foreground that there are nearly always exceptions in the law. In order for a criminal procedural rule to be applied retroactively, it must be "new" and it must be a "watershed rule." See Beard, 124 S. Ct. at 2510. A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." Teague v. Lane, 489 U.S. 288, 301 (1989). Said another way, the court must "assay the legal landscape as of [the date defendant's judgment became final] and ask 'whether the rule later announced in [Booker] was dictated by then-existing precedent– whether, that is, the unlawfulness of [defendant's] conviction was apparent to all reasonable jurists." Beard, 124 S. Ct. at 2511 (citing Lambrix v. Singletary, 520 U.S. 518, 527-528 (1997)).

As the Sixth Circuit recognized in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), "[t]he Booker rule is clearly new." Id. at 861. Apprendi did not mandate the outcome in Booker. See Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (observing that "before Blakely was decided, every federal court of appeals had held that Apprendi did not apply to guideline calculations made within the statutory maximum" and citing cases from twelve courts of appeals). It is also plain that reasonable jurists could disagree about whether Blakely v. Washington, 124 S. Ct. 2531 (2004), mandated the outcome in Booker. First, Blakely expressly reserved opinion on whether it applied to the Federal Sentencing Guidelines. Blakely, 124 S. Ct. at 2538 n.9. Second, Booker was decided over a four-justice dissent. See Booker, 125 S. Ct. at 802 (Breyer, J., dissenting). Third, there was deep division in the federal judiciary over whether Blakely made Booker inevitable. See Humphress, 398 F.3d at 861-862 (discussing the circuit

split that occurred between the time Blakely was decided and the time Booker was decided). All of these factors inform the court's decision that Booker indeed announced a new rule of criminal procedure.

### C.     Watershed or something less

A new rule of criminal procedure is of the "watershed" variety if it "implicat[es] the fundamental fairness and accuracy of the criminal proceeding." Saffle, 494 U.S. at 495 (citing Teague, 489 U.S. at 311 (plurality opinion)). "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" Schriro, 124 S. Ct. at 2523 (citing Teague, 489 U.S. at 313.)) Furthermore, the Supreme Court has "repeatedly emphasized the limited scope of [this] exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." Beard, 124 S. Ct. at 2513 (citing O'Dell v. Netherland, 521 U.S. 151, 157 (1997). In fact, a qualifying rule would have to be "'so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge . . . .'" Id. (citing Graham v. Collins, 506 U.S. 461, 478 (1993). And for that reason, "it should come as no surprise that [the Supreme Court has] yet to find a new rule that falls under [this] exception." Id. at 2513-2514.

Booker is not destined to be the first new rule of criminal procedure to qualify under the watershed exception. As the Tenth Circuit observed, the holdings from Blakely (and now Booker) "do[] not affect the determination of a defendant's guilt or

innocence.  Rather, [they address] only how a court imposes a sentence, once a defendant has been convicted."  United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005).

Similarly, the Seventh Circuit has commented that:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion.  The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.

McReynolds, 397 F.3d at 481.  As the Supreme Court reasoned in Schriro:

> The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them.  But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.

Schriro, 124 S. Ct. at 2526.  While the Schriro Court was considering whether the rule making it unconstitutional for judges to find aggravating factors authorizing the death penalty was a watershed decision, most courts have found its reasoning persuasive in the present context.  See Humphress, 398 F.3d at 863 (finding "Schriro's reasoning applies with equal force to Booker"); McReynolds, 397 F.3d at 480 (finding Schriro is "all but conclusive" on the retroactivity of Booker); see also Varela, 400 F.3d at 868 (relying on Schriro and McReynolds for the same holding).  This court, too, finds Schriro persuasive, as well as the courts of appeals that have addressed the issue so far.  For those reasons, the court finds that Booker did not announce a watershed rule and cannot therefore be

applied retroactively.[3]

### III.  Conclusion

For all of the foregoing reasons, the court finds that Booker does not apply retroactively to criminal judgments that became final before its release on January 12, 2005.[4]  Defendant's conviction became final on December 30, 2002, before the January 12, 2005 decision, and is therefore not subject to the rule announced in Booker.  For that reason, defendant's motion to reduce his sentence will be **DENIED**.

**AND IT IS SO ORDERED**.

s/ David C. Norton

**David C. Norton**
**United States District Judge**

**May 24, 2005**
**Charleston, South Carolina**

---

[3] The court notes that all five federal courts of appeals that have addressed the issue so far have found that the rule from Booker is not retroactive.  Guzman v. United States, Docket No. 03-2446-pr, 2005 U.S. App. LEXIS 5700 (2d. Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844 (10th Cir. March 8, 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864 (11th Cir. Feb. 17, 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. Feb. 13, 2005).

[4] The Fourth Circuit recognized, in United States v. Hammoud, 381 F.3d 316, 345 (4th Cir. 2004), that the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), did not itself invalidate the Federal Sentencing Guidelines; therefore, Booker's issue date rather than Blakely's date marks the dawning of a new rule and, consequently, the appropriate cut-off point for cases on direct review.  See also Guzman, 2005 U.S. App. LEXIS 5700, at *3 (holding same);  McReynolds, 397 F.3d at 481 (holding same).